UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN L. HENDRICKSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DOUG WADDINGTON,<br><br>　　　　Respondent. | Case No. C06-5571FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**March 9, 2007** |

This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.

**INTRODUCTION AND DISCUSSION**

Petitioner challenges a 2004, Pierce County conviction for three counts of second degree identity theft (Dkt. # 12 page 1). He was sentenced to forty-eight months. Petitioner filed a Personal Restraint Petition in state court on August 28, 2006 and is currently challenging his conviction in state court. Thus, no issues have been exhausted. Petitioner admitted he had a

REPORT AND RECOMMENDATION- 1

collateral challenge to his conviction pending in state court when he signed this petition (Dkt. # 2). This petition is unexhausted and should be **DISMISSED WITHOUT PREJUDICE.**

## DISCUSSION

A.  Exhaustion of State Remedies.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Petitioner still has claims in state court by his own admission. (Dkt. # 2). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S.364, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982). The claims in this petition are unexhausted. A federal court faced with an unexhausted petition dismisses the petition, without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. Rose v, Lundy, 455 U.S. 509, 522 (1982). Petitioner should be given that opportunity.

Petitioner argues there are some claims that may proceed in Federal Court without exhaustion and that the exhaustion requirement is not jurisdictional (Dkt. # 14). Petitioner is correct. There are certain times when failure to exhaust, or procedural default, will not bar a claim, but, those cases are generally where failure to hear the issue will result in a gross miscarriage of justice. This case does not present such a situation. The exhaustion requirement is based in principles of comity. Here, the state court system should be given a chance to examine the conviction and address Mr. Hendrickson's arguments.

## CONCLUSION

Based on the foregoing discussion, the Court should **DISMISS** the petition **WITHOUT PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.

REPORT AND RECOMMENDATION- 2

R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 9, 2007** as noted in the caption.

        Dated this 14 day of February, 2007.

                                      <u>/S/ *J. Kelley Arnold*</u>
                                      J. Kelley Arnold
                                      United States Magistrate Judge

REPORT AND RECOMMENDATION- 3